1 Allison C. Eckstrom CA Bar No. 217255
allison.eckstrom@ogletreedeakins.com
2 Patricia A. Matias CA Bar No. 254125
patricia.matias@ogletreedeakins.com
3 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
4 695 Town Center Drive
Costa Mesa, CA 92626
5 Telephone: 714.800.7900
Facsimile: 714.754.1298
6
7 Attorneys for Defendant
8 MASTER PROTECTION LP d/b/a FIREMASTER
(erroneously sued herein as MASTER PROTECTION
9 CORPORATION, FIREMASTER, a business entity form
unknown)

**By Fax**

10
11 **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**
12
13
| | |
|---|---|
| KENNETH HARRIS; | Case No.  **SACV11-01381 JVS (MLGx)** |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1441(b)** |
| vs. | |
| MASTER PROTECTION CORPORATION, FIREMASTER, A BUSINESS ENTITY FORM UNKNOWN, AND DOES 1 TO 25, | Complaint Filed: April 13, 2011 Trial Date:      None Set |
| Defendant. | |

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

10916986_1.DOC

1  TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT

2  OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE THAT Defendant Master Protection LP d/b/a

4  FireMaster (erroneously sued herein as "Master Protection Corporation, Firemaster,

5  a business entity form unknown") ("Master Protection") hereby removes this action

6  from the Superior Court of the State of California for the County of Orange to the

7  United States District Court for the Central District of California pursuant to 28

8  U.S.C. §§ 1332 and 1441(b) on the grounds that:  (1) there is complete diversity of

9  citizenship between Plaintiff Kenneth Harris ("Plaintiff"), a citizen of the State of

10  California, and Master Protection, a citizen of the States of Delaware, Florida, and

11  Massachusetts; and (2) the amount in controversy exceeds the jurisdictional

12  minimum of $75,000 set forth in Section 1332(a).  The foregoing facts were true at

13  the time the Complaint was filed and remain true as of the date of the filing of this

14  notice of removal.  Removal jurisdiction is therefore appropriate as detailed more

15  fully below:

16  **I.**

17  **THE STATE COURT ACTION**

18       1.    On or about April 13, 2011, Plaintiff filed an action against Master

19  Protection in Orange County Superior Court, Case Number 30-2011 00467372.  A

20  true and correct copy of the Complaint is attached hereto as Exhibit "1."

21       2.    On August 12, 2011, Plaintiff served Master Protection with a copy of

22  the Summons and Complaint.  *See* Exhibit "1."

23       3.    On September 9, 2011, Master Protection timely filed and served its

24  Answer to Plaintiff's Complaint in the Orange County Superior Court.  A true and

25  correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as

26  Exhibit "2."

27       4.    Plaintiff alleges the following six (6) causes of action in his

28  Complaint: (1) racial discrimination in violation of California's Fair Employment

10916986_1.DOC

1

1   and Housing Act, codified at Government Code Section 12940 *et seq.* ("FEHA");

2   (2) failure to prevent discrimination in violation of the FEHA; (3) harassment in

3   violation of the FEHA; (4) retaliation in violation of the FEHA; (5) intentional

4   infliction of emotional distress (IIED); and (6) wrongful termination in violation of

5   public policy.

## II.

### REMOVAL IS TIMELY

8       5.    A defendant in a civil action has thirty (30) days from the date it is

9   validly served with a summons and complaint to remove the action to federal

10   court.  28 U.S.C. § 1446(b); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694

11   (9th Cir. 2005) (noting that the "thirty-day requirement is triggered by defendant's

12   receipt of an 'initial pleading' that reveals a basis for removal").

13       6.    Plaintiff served Master Protection on August 12, 2011.  Therefore,

14   removal is timely, as the action is being removed within 30 days of service.

## III.

### COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

17       7.    This timely Notice is based on complete diversity of the parties.

18   Plaintiff is a citizen of the State of California and Master Protection is a citizen of

19   the States of Delaware, Florida, and Massachusetts.

20       8.    Master Protection is informed and believes that, at all relevant times,

21   Plaintiff was a citizen of the State of California and was domiciled in the County of

22   Orange, California.  (See Complaint, ¶ 1.)

23       9.    Master Protection was, at the time the Complaint was filed and still is,

24   a limited partnership formed under the laws of the State of Delaware.  Master

25   Protection's principal place of business was, at the time of the filing of this action

26   and still is, located in the State of Florida because its headquarters, its executive

27   and senior management personnel, and primary management operations are located

28   in Boca Raton, Florida.  *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026

1  (9th Cir. 2009) (stating that a limited partnership is a citizen of (1) the state under

2  whose laws it is organized or incorporated; and (2) the state of its "principal place

3  of business" with the state of the principal place of business being either where a

4  substantial predominance of corporate operations occur or where the majority of

5  the partnership's executive and administrative functions are performed).  The

6  members of Master Protection are: (1) Grinnell LLC (citizen of Delaware and

7  Florida) and (2) Simplex Time Recorder Co. (citizen of Massachusetts and

8  Florida).  The citizenship of each member of a partnership must be considered in

9  determining diversity jurisdiction.  *Carden v. Arkoma Associates*, 494 U.S. 185,

10  195 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group.*, 823

11  F.2d 302, 304 (9th Cir. 1987).  Grinnell LLC is a Delaware limited liability

12  company with its principal place of business in the State of Florida.  Grinnell

13  LLC's sole member is Simplex Time Recorder Co.   Simplex Time Recorder Co. is

14  a Massachusetts corporation with its principal place of business in the State of

15  Florida.  Accordingly, Master Protection is not a citizen of the State of California.

16       10.    This court has jurisdiction over this action based on diversity

17  jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a) because Plaintiff is a

18  citizen of California and Master Protection is not a citizen of California.

19  Therefore, complete diversity among the parties now exists.

20  **IV.**

21  **THE JURISDICTIONAL MINIMUM IS EASILY MET**

22  **ON THE FACE OF THE COMPLAINT**

23       11.    Pursuant to Section 1332, removal jurisdiction is proper where the

24  complaint, on its face, places at least $75,000 in controversy.  Here, assuming

25  Plaintiff's allegations to be true, the Complaint easily meets the requisite $75,000

26  amount in controversy for removal jurisdiction under Section 1332.  Master

27  Protection discusses the allegations in Plaintiff's Complaint solely to demonstrate

28  that the amount in controversy in this matter exceeds $75,000.  In doing so,

1  however, Master Protection does not admit that Plaintiff is entitled to these

2  damages or that Plaintiff will be able to recover on any of his theories of liability.

3       12.    The Court may, for removal purposes, look to the removal papers for

4  underlying facts to establish the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d

5  564, 566 (9th Cir. 1992) (noting that a Court may, for removal purposes, look to

6  the pleadings for underlying facts establishing the jurisdictional limit). The

7  amount in controversy may be satisfied by the pleading of several different types

8  of damages in the complaint, even though the exact dollar amount of such damages

9  is not estimated by the removing party. *Simmons v. PCR Technology*, 209 F. Supp.

10  2d 1029, 1031-1035 (N.D. Cal. 2002) (finding that the plaintiff's alleged lost

11  income of $25,600 at the time of removal, included with unspecified amounts for

12  medical expense damages, emotional damages, and attorneys' fees anticipated to

13  incur through trial, satisfy the amount in controversy required to establish diversity

14  jurisdiction). Here, Plaintiff has pled for the recovery of past and future loss of

15  income and benefits, emotional distress, punitive damages, and attorneys' fees.

16  (See Complaint, ¶¶ 28-30, 34-36, 40-42, 46-48, 51-53, 57-59 and Prayer, ¶ 1-6.)

17  **A.**    **Lost Wages and Benefits**

18       13.    Plaintiff's Complaint alleges that, as a direct and proximate result of

19  Master Protection's conduct, he has "sustained and continues to sustain substantial

20  losses in earnings and other employment benefits." (Complaint, ¶¶ 28, 34, 40, 46,

21  51, 57, Prayer at ¶ 1.) Based on Plaintiff's hourly wage and other benefits

22  available to him during his employment, it is reasonable to expect that Plaintiff's

23  damages for lost wages and benefits, alone, will exceed $75,000 by the time this

24  case goes to trial. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1032

25  (N.D. Cal. 2002).

26       14.    At the time of his termination on April 7, 2010, Plaintiff's hourly rate

27  was $16.81. Plaintiff was also entitled to benefits, including medical, dental, and

28  disability insurance, and a retirement savings (401(k)).

15.   As alleged in the Complaint, Master Protection terminated Plaintiff on or about April 7, 2010.  (Complaint, ¶ 23.)  Consequently, as of the date of this removal, Plaintiff's potential damages for lost wages and benefits exceed $75,000, insofar as Plaintiff's lost wages *alone* amount to approximately $49,533.47.  *See, e.g., See Simmons*, 209 F. Supp. 2d at 1032 (N.D. Cal. 2002) (amount in controversy satisfied where plaintiff's lost wages from termination until removal amounted to $25,600); *Rivera v. Costco Wholesale Corp.*, 2008 WL 2740399, at *3 (N.D. Cal. July. 11, 2008) (amount in controversy satisfied where plaintiff's lost wages in wrongful termination case from date of termination to removal amounted to $52,000).

16.   Therefore, Plaintiff's request for lost wages and benefits easily satisfies the requisite $75,000 amount in controversy for removal jurisdiction.

**B.    Emotional Distress Damages**

17.   Plaintiff's Complaint also asserts that, as a result of Master Protection's conduct, he "suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish."  (Complaint, ¶¶ 29, 35, 41, 47, 52, 58, Prayer at ¶ 2.)

18.   A court may consider that emotional distress damages "are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).  Such damages are also properly considered when calculating the amount in controversy even if emotional distress damages were not clearly pled. *Id.* at 450.

19.   Additionally, to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999).  In California, courts have awarded substantial damages for emotional distress in employment cases. *See, e.g., Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (awarding plaintiff $200,000 in emotional

distress damages for wrongful termination due to his age); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (awarding the plaintiff $122,000 in emotional distress damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee).[1]

20.   Therefore, if Plaintiff were to prevail at trial, he could be awarded a substantial amount of emotional distress damages, in addition to any award for lost wages and benefits.

## C.   Punitive Damages

21.   Plaintiff's Complaint also seeks recovery for punitive damages. (Complaint, ¶¶ 30, 36, 42, 48, 53, 59, Prayer at ¶ 5.)

22.   "Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

23.   As with emotional distress damages, the California courts have awarded plaintiffs significant punitive damages in employment actions. *See Lopez, supra*, 2007 WL 4339112 (awarding the plaintiff $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination, and failure to accommodate a pregnant employee); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $1,000,000 in punitive damages to an employee terminated due to his age and disability).

24.   Therefore, if Plaintiff were to prevail at trial, he could be awarded a substantial amount of punitive damages, which must be taken into consideration in

---

[1] All jury verdicts referenced herein are attached hereto as Exhibit "3."

PETITION AND NOTOICE OF REMOVAL UNDER 28 U.S.C. §§ 1332 AND 1441(b)

10916786_1.DOC

1  evaluating the amount-in-controversy requirement for purposes of removal.

2  **D.**   **Attorneys' Fees**

3      25.    Attorneys fees may be included in the amount in controversy if

4  recoverable by statute or contract. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150,

5  1155-56 (9th Cir. 1998). Attorneys' fees are recoverable as a matter of right to the

6  prevailing party under FEHA. *See* Cal Gov't Code § 12965.

7      26.    Here, Plaintiff seeks attorneys' fees under FEHA pursuant to

8  Government Code Section 12965(b). (Complaint, Prayer ¶ 6.) Thus, the court

9  must consider Plaintiff's request for attorneys' fees in assessing the amount-in-

10  controversy requirement.

11  **E.**   **Summary of Amount-In-Controversy Requirement**

12      27.    As demonstrated above, Plaintiff's Complaint, on its face, contains

13  numerous cumulative and alternative bases to establish that the damages sought by

14  him exceed the Court's jurisdictional minimum of $75,000. *See White v. FCI USA,*

15  *Inc.* 319 F.3d 672, 674 (5th Cir. 2003) (facially apparent that wrongful termination

16  claim exceeded $75,000 due to lengthy list of damages including loss of pay,

17  fringe benefits, emotional distress, and attorneys' fees).

## V.

## CONCLUSION

20      28.    Because this civil action is between citizens of different states and the

21  matter in controversy exceeds $75,000, exclusive of interest and costs, Master

22  Protection respectfully requests that this Court exercise its removal jurisdiction

23  over this action.

24      29.    In the event this Court has a question regarding the propriety of this

25  Notice of Removal, Master Protection requests that the Court issue an Order to

26  Show Cause so that it may have an opportunity to more fully brief the Court on the

27  basis for this removal.

28

1

2  DATED:   September 9, 2011          OGLETREE, DEAKINS, NASH, SMOAK &
                                      STEWART, P.C.
3

4

5                                     By:
6                                         Allison C. Eckstrom
                                          Patricia A. Matias
7
                                      Attorneys for Defendant MASTER
8                                     PROTECTION LP d/b/a FIREMASTER
                                      (erroneously sued herein as Master
9                                     Protection Corporation, Firemaster, a
                                      business entity form unknown)
10
    10916986.1 (OGLETREE)
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Master Protection Corporation, Firemaster, a business entity form
unknown, and DOES 1 to 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kenneth Harris

FILED
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 1 3 2011

ALAN CARLSON, Clerk of the Court

BY    B. LEA    DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court County of Orange<br><br>700 Civic Center Drive, West<br>Santa Ana, CA 92701 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>30-2011<br>00467372<br><br>JUDGE GEOFFREY T. GLASS<br>DEPT. C33 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randall J. Paulson, 1651 E. 4th St., Ste. 215, Santa Ana, CA 92701  714 541-1023

BRITTNEY LEA

| | | | |
|---|---|---|---|
| DATE:  APR 1 3 2011<br>*(Fecha)* | ALAN CARLSON Clerk, by<br>*(Secretario)* | | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Master Protection Corp. / Firemaster

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

1  Randall J. Paulson, Esq., SBN 206933
   LAW OFFICES OF RANDALL J. PAULSON
2  1651 E. 4ᵗʰ St., Ste. 215
   Santa Ana, CA 92701
3  Tel   :        (714) 541-1023
   Fax   :        (714) 541-1166
4  Email :        rpaulson@paulsonslaw.com

5  Attorney for Plaintiff: KENNETH HARRIS

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

APR 13 2011

ALAN CARLSON, Clerk of the Court

BY:   A. NGUYEN-DO   , DEPUTY

6

7                  SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                  COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

                                                    30-2011
9                                        Case No.:   0 0 4 6 7 3 7 2

10 KENNETH HARRIS;

11           Plaintiff,                   **COMPLAINT**

12    vs.                                 1.  DISCRIMINATION-RACE;
                                          2.  FAILURE TO PREVENT
13 MASTER PROTECTION                          DISCRIMINATION;
   CORPORATION, FIREMASTER, a            3.  HARASSMENT;
14 business entity form unknown,          4.  RETALIATION;
   and DOES 1 to 25,                      5.  INTENTIONAL INFLICTION
15                                            OF EMOTIONAL DISTRESS;
                                          6.  WRONGFUL TERMINATION
16           Defendants.                      IN VIOLATION OF PUBLIC
                                              POLICY;
17
                                          JUDGE GEOFFREY T. GLASS
18                                              DEPT. C33

19

20      PLAINTIFF, KENNETH HARRIS, ("HARRIS"), brings this civil complaint by and

21 through his undersigned attorney and alleges causes of action as follows:

22      1.  Plaintiff, at the time of his employment, was a resident of the County of Orange and was

23 in a business or other professional relationship with the defendant in the County of Orange,

24 California.

        2.  Plaintiff is informed, believes, and thereupon alleges that defendant FireMaster,
25
   ("FIRE"), is a business entity form unknown, doing business in the County of Orange, California.
26

27

28

                                        - 1 -

                                     COMPLAINT

3. Plaintiff is informed, believes, and thereupon alleges that defendant Master Protection corporation, ("MASTER"), is a business entity form unknown, doing business in the County of Orange, California.

4. The true identities and capacities of defendants DOES 1 to 25 are unknown to plaintiff at this time. Accordingly, plaintiff is informed and believes and thereon alleges that such DOE defendants are in some manner responsible for some or all of the acts and omissions alleged herein. Plaintiffs will seek leave of court to amend the complaint at such time as the true identities and capacities of DOE defendants are ascertained.

5. At all times alleged herein, the defendant was the principal, agent, representative, servant or employee of each DOE defendant, and in doing so, was acting within the course and scope of such agency, employment or relationship.

6. At all times, plaintiff was employed by defendant in a business or professional capacity.

7. Plaintiff has exhausted his administrative remedies and has received a right-to-sue letter.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. HARRIS, who is African American, began his employment with MASTER and FIRE in or about November 2007 as a temporary employee who was eventually hired on in a permanent position on February 19, 2008 as a Shop Technician.

9. During the course of HARRIS' employment he began to experience discrimination in the workplace which began in or about April 2008.

10. The discriminatory conduct began with other employees, managers and owners cursing at HARRIS as well as making derogatory and demeaning remarks like telling him to "shut up and listen."

11. HARRIS complained to his superiors and was advised that an investigation would be conducted and that "things would get better."

12. For some time after HARRIS' complaint the conduct toward him continued in the same fashion as it had prior to the complaints of abuse.

13. At one point, HARRIS sent an e-mail to a co-worker stationed in another state who was one of the biggest offenders toward HARRIS saying that her abuse toward him was

- 2 -

COMPLAINT

1  unacceptable and was going to stop immediately. As a result, HARRIS was accused of threatening

2  this employee.

3      14. Further, other FIRE franchise owners would come into the warehouse where HARRIS

4  worked and would make racially disparaging statements; e.g. "All Mexican people are stupid, "We

5  have to go to Mexico to get a job." These statements were reported by HARRIS to his supervisor,

6  Craig Hoss, ("HOSS"), however no action was taken in response.

7      15. On one occasion, FIRE held a departmental meeting in which HARRIS was not invited

8  to participate even though he worked in the department.

9      16. Based on the continuing abusive conduct in the workplace, in or about October 2009,

10  HARRIS filed a complaint with the EEOC.

11      17. Shortly thereafter, HOSS accused HARRIS of stealing product out of the warehouse

12  and giving it away to vendors for free.

13      18. In or about November 2009 FIRE'S Manager, Craig Lapierre, ("LAPIERRE"),

14  referred to HARRIS as his "bitch" and which occurred in the company cafeteria in front of a

15  female co-worker.

16      19. In December 2009, HARRIS was given a poor performance review by HOSS. When

17  HARRIS complained that he felt the performance review was unfair, HOSS began to yell at

18  HARRIS, calling him a liar and that his complaints could cost FIRE'S owner his franchise

19  ownership.

20      20. After the incident with HOSS, HARRIS sent an e-mail to HOSS' boss, Tom Cochran,

21  ("COCHRAN") about the incident. Subsequently, HARRIS received a reply from a human

22  resources representative who defended HOSS' behavior based on the fact that HOSS was not

23  subject to anti-discrimination policies.

24      21. On January 7, 2010, HARRIS filed a second charge with the EEOC claiming

25  retaliation for the conduct of FIRE and its managers and supervisors.

26      22. On January 25, 2010, another departmental meeting was held in which HARRIS was

27  again excluded.

28

- 3 -

COMPLAINT

23. HARRIS received notice that his position was being terminated and the job responsibilities were being assigned to the Glendale office.

24. HARRIS has exhausted his administrative remedies and received a right-to-sue letter on April 13, 2010.

## FIRST CAUSE OF ACTION

### Discrimination based on Race

25. Plaintiff, HARRIS, reaffirms and realleges the allegations contained in paragraphs 1 through 24 and incorporates them by reference as though fully set forth herein.

26. At all times herein mentioned, Government Code section 12940(a) was in full force an effect and was binding on defendant. This section requires defendant to refrain from discriminating against any employee on the basis of the employee's race.

27. As heretofore alleged, defendants FIRE and MASTER, (collectively "DEFENDANTS"), engaged in discriminatory conduct in the terms conditions and privileges of HARRIS' employment as a result of employees, managers and supervisors making derogatory and demeaning remarks about him as well as excluding him from company meetings.

28. As a proximate result of DEFENDANTS willful, knowing, and intentional discrimination against HARRIS, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

29. As a proximate result of DEFENDANTS willful, knowing, and intentional discrimination against HARRIS, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage.

30. Additionally, the acts of DEFENDANTS in discriminating against HARRIS in the terms, conditions and privileges of his employment, as aforementioned, was intentional and done with malice and/or oppression all to the detriment of HARRIS and as such entitles him to an award of exemplary damages.

## SECOND CAUSE OF ACTION

### Failure to Prevent Discrimination

- 4 -

COMPLAINT

31. Plaintiff, HARRIS, reaffirms and realleges the allegations contained in paragraphs 1 through 30 and incorporates them by reference as though fully set forth herein.

32. At all times herein mentioned, Government Code section 12940(k) was in full force an effect and was binding on defendant. This section requires defendant to take all steps necessary to prevent discrimination in the workplace.

33. As heretofore alleged, DEFENDANTS knew, perceived or discovered through HARRIS' complaints that it was alleged that it was maintaining a discriminatory work environment and failed to take the necessary steps to prevent it.

34. As a proximate result of DEFENDANTS willful, knowing, and intentional failure to prevent discrimination against HARRIS, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

35. As a proximate result of DEFENDANTS willful, knowing, and intentional failure to prevent discrimination, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage.

36. Additionally, the acts of DEFENDANTS in failing to prevent the existence of the discriminatory environment, which HARRIS was being subjected to, was intentional and done with malice, fraud and oppression all to the detriment of HARRIS and as such entitles him to an award of exemplary damages.

### THIRD CAUSE OF ACTION

#### Harassment

37. Plaintiff, HARRIS, reaffirms and realleges the allegations contained in paragraphs 1 through 36 and incorporates them by reference as though fully set forth herein.

38. At all times herein mentioned, Government Code section 12940(j) was in full force an effect and was binding on defendant. This section requires defendant to refrain from harassing an employee based, among other things, on that person's race.

39. As heretofore alleged, HARRIS alleges that he was harassed by his superiors and that such harassment took the form of demeaning and derogatory remarks, false accusations, poor work performance reviews and being excluded from company meetings.

-- 5 --

COMPLAINT

40. As a proximate result of DEFENDANTS willful, knowing, and intentional harassment of HARRIS, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

41. As a proximate result of DEFENDANTS willful, knowing, and intentional harassment against HARRIS, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage.

42. Additionally, the acts of DEFENDANTS harassment of HARRIS in the form of demeaning and derogatory remarks, false accusations, poor work performance reviews and being excluded from company meetings was intentional and done with malice, fraud and oppression all to the detriment of HARRIS and as such entitles him to an award of exemplary damages.

**FOURTH CAUSE OF ACTION**

**Retaliation**

43. Plaintiff, HARRIS, reaffirms and realleges the allegations contained in paragraphs 1 through 42 and incorporates them by reference as though fully set forth herein.

44. At all times herein mentioned, Government Code section 12940(h) was in full force an effect and was binding on defendant. This section requires defendant to refrain from retaliating against and employees who has opposed practices forbidden by those pertinent sections of the *Gov. Code.*

45. As heretofore alleged, HARRIS alleges that he complained to his superiors about discrimination and harassment based on race as well as complaining to the EEOC about discrimination as forbidden by the *Gov. Code.*

46. As a proximate result of DEFENDANTS willful, knowing, and intentional retaliation of HARRIS, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

47. As a proximate result of DEFENDANTS willful, knowing, and intentional retaliation against HARRIS, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage.

- 6 -

COMPLAINT

48. Additionally, the acts of DEFENDANTS constituted retaliation against HARRIS for his opposition to practices forbidden by the *Gov.* Code was intentional and done with malice, fraud and oppression all to the detriment of HARRIS and as such entitles him to an award of exemplary damages.

### FIRTH CAUSE OF ACTION

#### Intentional Infliction of Emotional Distress

49. Plaintiff, HARRIS, reaffirms and realleges the allegations contained in paragraphs 1 through 48 and incorporates them by reference as though fully set forth herein.

50. At all times herein alleged, HARRIS alleges that the acts of defendant FIRE were extreme and outrageous and resulted in severe emotional distress.

51. As a proximate result of DEFENDANTS extreme and outrageous acts, HARRIS has sustained and continues to sustain substantial losses in earnings and other employment benefits.

52. As a proximate result of DEFENDANTS extreme and outrageous acts against HARRIS, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage.

53. Additionally, the acts of DEFENDANTS against HARRIS for his opposition to practices forbidden by the *Gov.* Code was intentional and done with malice, fraud and oppression all to the detriment of HARRIS and as such entitles him to an award of exemplary damages.

### SIXTH CAUSE OF ACTION

#### Wrongful Termination in Violation of Public Policy

54. Plaintiff, HARRIS, reaffirms and realleges the allegations contained in paragraphs 1 through 53 and incorporates them by reference as though fully set forth herein.

55. At all times herein mentioned, there existed in the State of California, in its laws and in its constitution, a public policy that all persons have the equal right to seek and maintain employment free from discrimination.

56. As heretofore alleged, DEFENDANTS discriminated against HARRIS by terminating his employment the basis of his complaints of discrimination and harassment.

-7-

COMPLAINT

57. As a proximate result of DEFENDANTS willful, knowing, and intentional discrimination against HARRIS, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

58. As a proximate result of DEFENDANTS willful, knowing, and intentional discrimination against HARRIS, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage.

59. Furthermore, DEFENDANTS have engaged in malicious and/or oppressive conduct in its relationship with HARRIS in that DEFENDANTS discharged HARRIS in violation of public policy due to the fact that he complained of discrimination and harassment. As such, HARRIS is entitled to exemplary damages in an amount according to proof.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays for judgment against defendants as follows:

<u>On All Causes of Action:</u>

1. For compensatory damages including lost wages and employee benefits in an amount according to proof;

2. For mental and emotional distress damages according to proof;

3. For any and all further relief which the court deems appropriate;

4. For costs of bringing suit herein;

5. For exemplary damages;

<u>On Causes of Action One, Two, Three, Four and Six</u>

6. For reasonable attorney's fees.

Dated: April 11, 2011          LAW OFFICES OF RANDALL J. PAULSON

_____
Randall J. Paulson
Attorney for Plaintiff

- 8 -

COMPLAINT

**EXHIBIT 2**

COPY

1 | Allison C. Eckstrom CA Bar No. 217255
allison.eckstrom@ogletreedeakins.com
2 | Patricia A. Matias CA Bar No. 254125
patricia.matias@ogletreedeakins.com
3 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
4 | 695 Town Center Drive
Costa Mesa, CA  92626
5 | Telephone:    714.800.7900
Facsimile:     714.754.1298
6

7 | Attorneys for Defendant MASTER PROTECTION LP d/b/a
FIREMASTER (erroneously sued herein as Master Protection
Corporation, Firemaster, a business entity form unknown)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**SEP 09 2011**

ALAN CARLSON, Clerk of the Court

BY:_____E. SUTTER_____DEPUTY

# By Fax

8

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF ORANGE – CENTRAL JUSTICE CENTER DIVISION**

11

12 | KENNETH HARRIS;

Plaintiff,

13 | vs.

14 | MASTER PROTECTION CORPORATION,
FIREMASTER, a business entity form unknown,
15 | and DOES 1 to 25,

16 | Defendant.

17 |

Case No. 30-2011-00467372

[Assigned for all purposes to The Honorable
Geoffrey T. Glass, Dept. C33]

**DEFENDANT MASTER PROTECTION
LP'S ANSWER TO PLAINTIFF'S
COMPLAINT**

Action Filed:         April 13, 2011

18

19 | Defendant MASTER PROTECTION LP d/b/a FIREMASTER (erroneously sued herein as

20 | MASTER PROTECTON CORPORATION, FIREMASTER, a business entity form unknown)

21 | responds to the Complaint of Plaintiff KENNETH HARRIS ("Plaintiff") as follows:

**I.**

22 | **GENERAL AND SPECIFIC DENIALS**

23 | Pursuant to the provisions of *Code of Civil Procedure* section 431.30, subdivision (d),

24 | Defendant denies, generally and specifically, each and every allegation contained in the

25 | Complaint filed herein by Plaintiff (the "Complaint"). Defendant denies, generally and specifically,

26 | that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of

27 | Defendant, or by any act or omission by any agent or employee of Defendant. Defendant further

28 | denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

---

ANSWER TO COMPLAINT

## II.

## AFFIRMATIVE DEFENSES

Without admitting that it carries the burden of proof as to any of the issues raised thereby, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each purported cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.     The Complaint, and each cause of action purportedly contained therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

2.     The Complaint, and each cause of action contained therein, is barred by the applicable statutes of limitations, including, but not limited to, California *Government Code* sections 12960, subdivision (d) and 12965, subdivision (b), and California *Code of Civil Procedure* sections 335.1, 337, 338, subdivision (a), 339, 340, subdivisions (a) and (c), and 343.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies and/or Internal Grievance Procedures)

3.     Plaintiff's causes of action are barred, in whole or in part, to the extent that Plaintiff failed to timely exhaust his administrative remedies and/or failed to exhaust internal grievance procedures.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

4.     Plaintiff has failed to mitigate any damages allegedly caused to him by the acts in which Defendant allegedly engaged.

10917164_1.DOC

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.     Plaintiff's causes of action are barred, in whole or in part, pursuant to the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.     Plaintiff's recovery in this action is barred, in whole or in part, by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.     Plaintiff's recovery in this action is barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.     Plaintiff's causes of action are barred, in whole or in part, by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

### (Causation by Plaintiff)

9.     Plaintiff's causes of action are barred, in whole or in part, to the extent that any damages or injuries that Plaintiff allegedly suffered were caused by the Plaintiff's own conduct and actions, and not because of any unlawful conduct or actions by Defendant, to the extent that such conduct on the part of the Plaintiff is discovered by Defendant.

### TENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Act Exclusivity Provisions)

10.     Plaintiff's causes of action are barred, in whole or in part, by the exclusivity provisions of the California Workers' Compensation Act, *Labor Code* section 3600, *et seq.*

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Workers' Compensation Benefits)

11.     If Plaintiff has received, or in the future receives, Workers' Compensation benefits by reason of the claimed injuries which give rise to this suit, any judgment rendered in favor of Plaintiff should be reduced by the amount of all Workers' Compensation benefits paid to or on behalf of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence Doctrine)

12.     Plaintiff's causes of action are barred, in whole or in part, by the after-acquired evidence doctrine.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Plaintiff's Failure to Utilize Policy)

13.     Plaintiff's causes of action are barred because Defendant, at all relevant times, exercised reasonable care to prevent and correct promptly any alleged unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to otherwise avoid harm.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Consent)

14.     Plaintiff welcomed or consented to any conduct alleged to be harassing.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

15.     Plaintiff's prayers for economic damages, non-economic damages, punitive and compensatory damages regarding each cause of action under California law are barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)* (2003) 31 Cal.4th 1026, 6 Cal.Rptr.3d 441, on the grounds that Plaintiff unreasonably failed to make use of Defendant's complaint procedures, and Plaintiff's alleged damages could have been avoided in whole or in part by reasonable use of these procedures.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Facts Alleged Insufficient to Support Claim for Attorneys' Fees)

16.     The Complaint fails to allege facts sufficient to allow recovery of attorneys' fees from Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Facts Alleged Insufficient to Support Claim for Punitive Damages)

17.     Defendant alleges that Plaintiff is not entitled to recover punitive or exemplary damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive or exemplary damages or to show that Defendant engaged in oppressive, fraudulent or malicious conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Absence of Proximate Cause)

18.     Plaintiff's causes of action are barred by the absence of proximate cause between Defendant's alleged acts and/or omissions and Plaintiff's alleged losses or injuries.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Reasonable Investigation)

19.     Plaintiff's Complaint is barred, in whole or in part, because Defendant at all times acted in good faith, conducted a prompt, thorough investigation of Plaintiff's Complaints, and responded appropriately under the circumstances.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Business Reason)

20.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Procedural and Substantive Due Process)

21.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the

United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

22.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that said acts, if any, were performed by an employee of Defendant and that none of Defendant's officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendant or its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employee or employees who allegedly committed said acts, nor did Defendant employ said employee with a conscious disregard of the rights or safety of others.  California *Civ. Code* section 3294.

WHEREFORE, Defendant prays for judgment as follows:

1.     That judgment be entered in favor of Defendant and against Plaintiff;

2.     That the Complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant be awarded its costs of suit herein;

4.     That Defendant be awarded reasonable attorneys' fees as determined by the Court pursuant to the law; and

5.     For such other and further relief as the Court deems just and proper.

DATED:  September 9, 2011

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Allison C. Eckstrom
Patricia A. Matias

Attorneys for Defendant MASTER PROTECTION LP d/b/a FIREMASTER (erroneously sued herein as Master Protection Corporation, Firemaster, a business entity form unknown)

10917164.1 (OGLETREE)

**PROOF OF SERVICE**
*Kenneth Harris v. Master Protection Corporation, et al.*
Case No. 30-2011-00467372

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On September 9, 2011, I served the following document(s):

**DEFENDANT MASTER PROTECTION LP'S ANSWER TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒  **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐  **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  **(State)**   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐  **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 9, 2011 at Costa Mesa, CA.

Michelle Maroney
Type or Print Name

_(signature)_
Signature

1

PROOF OF SERVICE

1

## SERVICE LIST

2

3  Randall J. Paulson, Esq.                    Attorneys for Plaintiff Kenneth Harris
   LAW OFFICES OF RANDALL J. PAULSON
4  1651 E. 4th Street, Suite 215
   Santa Ana, CA  92701
5  (714) 541-1023
   (714) 541-1166 Fax
6  rpaulson@paulsonslaw.com

7

8

9

10  10917164.1 (OGLETREE)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

**EXHIBIT 3**

Westlaw.

49 Trials Digest 10th 7                                                                    Page 1

49 Trials Digest 10th 7 (Cal.Superior), 2007 WL 4339112

Copyright (c) 2011 Thomson Reuters/West

Superior Court, San Francisco County, California.

Lopez vs. Bimbo Bakeries USA Inc.

TOPIC:
Synopsis: Bakery fires delivery driver because of pregnancy
Case Type: Labor & Employment; Discrimination; Labor & Employment; Disability/Medical Condition; Labor &
Employment; Gender; Labor & Employment; Retaliation; Labor & Employment; Harassment-Sexual; Labor & Em-
ployment; Violation of Public Policy; Intentional Torts; Infliction of Emotional Distress

DOCKET NUMBER: CGC05445104

STATE: California
COUNTY: San Francisco

Verdict/Judgment Date: June 21, 2007

JUDGE: Ronald Quidachay

ATTORNEYS:
Plaintiff: Daniel L. Feder, Law Offices of Daniel L. Feder, San Francisco; Christopher R. LeClerc, Law Offices of
Daniel L. Feder, San Francisco.
Defendant: E. Joseph Connaughton, Paul, Plevin, Sullivan & Connaughton, San Diego; Melissa Listug Klick, Paul,
Plevin, Sullivan & Connaughton, San Diego; Wendy M. Lazerson, Bingham McCutchen, East Palo Alto.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $2,340,700

Range: $2,000,000-4,999,999

 $131,700 past economic loss; $87,000 future economic loss; $100,000 past non-economic loss; $22,000 future non-
economic loss; $2,000,000 punitive damages; plus $1,059,351 attorney fees against defendant Bimbo Bakeries USA
for wrongful termination, failure to prevent discrimination, and failure to accommodate. The jury did not find in
favor of plaintiff on her retaliation claim. The court awarded "lodestar" fees in the amount of $706,234, but found
that a multiplier of 1.5 was warranted in the case. The court granted defendants Torrise, Thompson-McCann, and
Perez's motion for summary judgment and dismissed plaintiff's claims against them.
Trial Type: Jury
Trial Length: Not reported.
Deliberations: Not reported.
Jury Poll: Not reported.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXPERTS:**
Plaintiff: Not reported.
Defendant: Not reported.

**TEXT:**
**CASE INFORMATION**
**FACTS/CONTENTIONS**

According to Plaintiff: Plaintiff Yaire Lopez was employed by defendant Bimbo Bakeries USA Inc. for five years. For the first two years, plaintiff worked as a clerk. For the next three years, plaintiff worked as a delivery driver, loading and unloading the truck and making deliveries. Plaintiff's salary was $520 per week, plus overtime and commissions. Plaintiff reported to defendant John Perez.

On February 4, 2005, plaintiff told defendant Perez that she was two months pregnant and gave him a doctor's release stating that she had certain restrictions, including the inability to lift more than 20 pounds and the inability to climb. The doctor's release also stated that plaintiff would need a 15-20 minute break every two hours.

Plaintiff alleged that one hour after plaintiff gave defendant Perez the release, defendant Perez told her to go home because defendant Bimbo Bakeries USA could not provide any work to the complainant with those restrictions. Plaintiff said defendant Bimbo Bakeries USA had previously made accommodations for other truck drivers with disabilities.

Plaintiff claimed that she received a medical leave packet from defendant Bimbo Bakeries USA and took the packet to her doctor, who advised her to file for unemployment insurance with the understanding plaintiff had been terminated. Plaintiff called defendant Laura Thompson-McCann to request a position at defendant Bimbo Bakeries USA's thrift store, but said defendant Thompson-McCann never returned her calls. She said defendant Bimbo Bakeries USA sent her a letter stating that she was on medical leave and would be terminated if she did not respond within 48 hours. Plaintiff said she left a message on defendant Thompson-McCann's voice-mail, but never received a return phone call. On May 23, 2005, plaintiff learned defendant Bimbo Bakeries USA terminated her on April 4, 2005.

Plaintiff alleged termination because of pregnancy, failure to accommodate conditions related to pregnancy, gender harassment, retaliation, unlawful denial of leave pursuant to the California Family Rights Act, failure to prevent discrimination, wrongful termination, and intentional infliction of emotional distress.

**CLAIMED INJURIES**
According to Plaintiff: Emotional distress.

**CLAIMED DAMAGES**
According to Plaintiff: Not reported.

**SETTLEMENT DISCUSSIONS**
According to Plaintiff: Not reported.

**COMMENTS**
According to Plaintiff: The complaint was filed on September 22, 2005.
E. Joseph Connaughton and Melissa Listug Klick represented defendants Bimbo Bakeries USA at trial and represented defendants Torrise, Thompson-McCann, and Perez until they were dismissed from the case. Wendy M. Lazerson represented defendant Bimbo Bakeries USA.

Trials Digest, A Thomson/West business

San Francisco County Superior Court

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

49 Trials Digest 10th 7                                                                 Page 3

49 Trials Digest 10th 7 (Cal.Superior), 2007 WL 4339112

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

9 Trials Digest 11th 13                                                                     Page 1

9 Trials Digest 11th 13 (Cal.Superior), 2008 WL 496470

Copyright (c) 2011 Thomson Reuters/West

Superior Court, Los Angeles County, California.

Kolas vs. Access Business Group LLC

TOPIC:
Synopsis: Workplace injury leads to wrongful termination
Case Type: Labor & Employment; Termination/Constructive Discharge; Labor & Employment; Disability/Medical
Condition; Labor & Employment; Age; Labor & Employment; Discrimination; Labor & Employment; Retaliation;
Labor & Employment; Workplace Injury; Labor & Employment; Workers Compensation

DOCKET NUMBER: BC362432

STATE: California
COUNTY: Los Angeles

Verdict/Judgment Date: January 14, 2008.

JUDGE: Michael C. Solner

ATTORNEYS:
Plaintiff: Maryann P. Gallagher, Law Offices of Maryann P. Gallagher, Los Angeles.
Defendant: Maria K. Aarvig, Creason & Aarvig, Riverside; Danielle K. Little, Creason & Aarvig, Riverside; Hector
C. Perez, Creason & Aarvig, Riverside.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $600,000

Range: $500,000-999,999

 $175,000 past lost earnings; $225,000 future lost earnings; $200,000 non-economic damages. The jury determined
that plaintiff's disability and age and the fact that plaintiff filed a workers' compensation claim were motivating rea-
sons for defendant's decision to fire plaintiff.
Trial Type: Jury
Deliberations: Not reported.
Jury Poll: Not reported.

EXPERTS:
Plaintiff: Not reported.
Defendant: Not reported.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to court records: Plaintiff Boris Kolas was employed by defendant Alticor Inc., erroneously sued as Access Business Group LLC, for more than nine years as a calibration technician. His job involved assuring that all of the equipment that measured weight, temperature, and other aspects of the vitamins and food supplements manufactured by defendant were proper in terms of the measurement taken and the documentation to prove that they were accurate.
Plaintiff alleged he was fired because of his age and/or because he was injured on the job. Plaintiff said he sustained a herniated disc while working.
Defendant contended that he was fired because audits done before the injury showed plaintiff was not doing his work properly and was subjecting the company to regulatory problems.

CLAIMED INJURIES
According to court records:
Emotional distress.

CLAIMED DAMAGES
According to court records:
$112,500 past lost income; $525,000 future lost income; $1,000,000
emotional distress.

SETTLEMENT DISCUSSIONS
According to court records:
Not reported.

COMMENTS
According to court records:
The complaint was filed on November 27, 2006.

Trials Digest, A Thomson/West business

Los Angeles County Superior Court/Downtown

9 Trials Digest 11th 13 (Cal.Superior), 2008 WL 496470

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

6 Trials Digest 9th 13                                                                                    Page 1

6 Trials Digest 9th 13 (Cal.Superior), 2006 WL 397031
For Opinion See 2006 WL 6080930 (Trial Order), 2006 WL 6080931 (Trial Order)

Copyright (c) 2011 Thomson Reuters/West

Superior Court, Santa Barbara County, California.

Wysinger vs. Automobile Club of Southern California

TOPIC:
Synopsis: District manager claims age and disability discrimination by employer
Case Type: Labor & Employment; Discrimination; Labor & Employment; Disability/Medical Condition; Labor & Employment; Harassment; Labor & Employment; Retaliation; Intentional Torts; Infliction of Emotional Distress

DOCKET NUMBER: 1132996

STATE: California
COUNTY: Santa Barbara

Verdict/Judgment Date: January 6, 2006

JUDGE: Denise deBellefeuille

ATTORNEYS:
Plaintiff: Virginia Keeny, Hadsell & Stormer, Pasadena.; Dan Stormer, Hadsell & Stormer, Pasadena.
Defendant: Jeffrey Dinkin, Sheppard, Mullin, Santa Barbara.; Deborah Martin, Sheppard Mullin, Santa Barbara.

SUMMARY:
Verdict/Judgment: Plaintiff
Verdict/Judgment Amount: $1,284,000

Range: $1,000,000-$1,999,999

 By a vote of 10 to 2 the jury awarded plaintiff $284,000 in compensatory damages for the causes of action for re-taliation and failure to engage in the interactive process, (having returned a special verdict of no liability on the causes of action for age discrimination, disability discrimination, and failure to accommodate), and by a vote of 9 to 3 the jury awarded plaintiff $1 million in punitive damages.
Trial Type: Jury
Trial Length: 1 month.
Deliberations: 3 days.
Jury Poll: Mixed poll.

EXPERTS:
Plaintiff: Alan Karbelnig Ph.D., psychologist, South Pasadena, (626) 441-7778.; Stephanie Rizzardi-Pearson, economist, Rizzardi-Pearson Associates, San Marino, (626) 457-6297.; David Wallace M.D., rheumatologist.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

6 Trials Digest 9th 13                                                          Page 2

Defendant: <u>David N. Glaser</u> M.D., forensic psychiatrist, Glaser Forensic Group, Encino, (818) 382-9920.; <u>Orrin Troum</u> M.D., rheumatologist, Santa Monica, (310) 449-1999.

TEXT:
CASE INFORMATION
FACTS/CONTENTIONS

According to Plaintiff: Plaintiff Guy Wysinger, a 41-year district manager of defendant Automobile Club of Southern California ('ACSC'), sought a transfer to an office closer to his home due to his medical condition (rheumatoid arthritis, lupus, etc.). Plaintiff claimed that the long commute exacerbated his physical condition.
Plaintiff claimed that ACSC failed to provide him with required accommodation and that the failure to place him in the Ventura position constituted discrimination based on his age and disability, and retaliation based on plaintiff's having previously filed an age discrimination claim with the EEOC.
ACSC denied the transfer request, contending that the position he sought was, in fact, a promotion rather than a transfer, and that plaintiff was not the best qualified candidate for that position. Defendant denied plaintiff's claims, contending that it had legitimate, non-discriminatory reasons for its actions. Plaintiff also sued for breach of the covenant of good faith and fair dealing based on an alleged promise to move him to the Ventura office, harassment based on his age and/or disability, failure to provide a workplace free of harassment and discrimination, and intentional infliction of emotional distress, causes of action which were dropped after the presentation of evidence but prior to instructing the jury. While plaintiff had not pled a cause of action for failure to engage in the interactive process required by the Fair Employment and Housing Act, an amendment to add the claim was allowed after the presentation of evidence.

CLAIMED INJURIES
According to Plaintiff: Emotional distress.

CLAIMED DAMAGES
According to Plaintiff: Plaintiff claimed over $400,000 in lost wages and benefits, plus additional damages for emotional distress.

SETTLEMENT DISCUSSIONS
According to Plaintiff: No significant discussions.

COMMENTS
According to Plaintiff: Plaintiff will be making a motion for fees and costs. Motions for judgment notwithstanding the verdict and new trial are anticipated by defendant. An appeal is likely.

Trials Digest, A Thomson/West business

Santa Barbara County Superior Court/Central

6 Trials Digest 9th 13 (Cal.Superior), 2006 WL 397031

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV11- 1381 JVS (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Kenneth Harris | Master Protection LP d/b/a Firemaster (erroneously sued herein s "Master Protection Corporation, Firemaster, a Business Entity form unknown") |

**By Fax**

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Randall J. Paulson, Law Offices of Randall J. Paulson 1651 E. 4th Street, Suite 215, Santa Ana, CA  92701 (714) 541-1023 | Allison C. Eckstrom, Patricia A. Matias Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626 (714) 800-7900 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No        ☐ **MONEY DEMANDED IN COMPLAINT: $** Greater than $75,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
Sections 1332 and 1441

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| | ☐ 190 Other Contract | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number: ___ **SACV11-01381 JVS (MLGx)** ___

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, Florida and Massachusetts |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):   Date  September 9, 2011

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |